**Dennis Jonathan WINEGARNER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47298.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Rehearing Denied Feb. 27, 1974.

Ater & Hirsch, Royal Caswell, Odessa, for appellant.

John Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for murder with malice; the punishment, thirty (30) years.

The sufficiency of the evidence is not challenged. Appellant was convicted as a principal for the murder of Sophia Giovanni about 4:30 A.M. on July 2, 1971, in the robbery with Bobby Bell of a Seven-Eleven store which was operated by deceased. She was cut and stabbed to death.

By his first ground of error, appellant complains of the admission in evidence of photographs of the body of the victim as she was found after the murder, lying in pools of blood.

It is well established that since a verbal description of the body and the scene were admissible, it was not error to admit in evidence photographs thereof. Martin v. State, Tex.Cr.App., 475 S.W.2d 265; Terry v. State, Tex.Cr.App., 491 S.W.2d 161; Foster v. State, Tex.Cr.App., 493 S.W.2d 812; Byrd v. State, Tex.Cr.App., 495 S.W.2d 226; Fields v. State, Tex.Cr.App., 500 S.W2d 500; Kalinec v. State, Tex.Cr.App., 500 S.W.2d 146. See also Harrison v. State, Tex.Cr.App., 501 S.W.2d 668.

We overrule ground of error number one.

In his grounds of error numbers two and three, appellant contends that the court erred in admitting the confession of appellant in evidence because he says the officer taking the confession told appellant it could be used for him or against him; and that the jury should have been instructed not to consider it if they so found.

It is true that in the hearing before the court in the absence of the jury on the admissibility of the confession the officer was asked, by defense counsel, if he told the appellant the statement could be used for or against him. The officer replied affirmatively. Later, on examination by State's counsel, the officer denied that he had told appellant his statement could be used for him and again stated his denial when defense counsel asked one more time.

We note that the only mention of this issue was in a pre-trial hearing out of the presence of a jury. Neither appellant nor anyone else except the officer testified on the issue.

Appellant relies on White v. State, 163 Tex.Cr.R. 77, 289 S.W.2d 279 (Tex.Cr. App.1956), but a reading of that case will show that it holds against his contention. The case is similar to the one at bar except in *White* the defendant took the stand and testified in the presence of the jury that the officer had, indeed, told him his statement could be used for as well as against him. In that case, this Court said the appellant's testimony raised the issue and required its submission to the jury. Additionally, no such charge was requested by appellant in writing nor was objection made in order to preserve error. Art. 36.-14, Vernon's Ann.C.C.P.

In the case at bar, only Officer Uranga testified on this issue. His testimony, as he clarified it, was the only evidence on the issue, and was thus uncontroverted and left no question of fact. Nevertheless, the issue was not raised at all in the presence

of the jury. Thus, an instruction on it in the charge to the jury would have been improper. The trial court, being the sole trier of the fact before the jury was seated, obviously held against appellant on this issue, and admitted the confession in evidence.

We overrule grounds of error numbers two and three.

Ground of error number four presented by appellant argues that the court should have instructed the jury to disregard the confession if appellant was not aware when he gave the confession that he was charged with murder.

The only time appellant specifically claimed he had not been told he was charged with murder was at the pre-trial hearing and not before the jury. When he testified before the jury, he merely claimed that he had not been read the warnings at the top of his statement. The statement signed by appellant and admitted into evidence recited that he had been duly warned, including knowledge of the crime with which he had been charged. This statement was made at 12:06 P.M. on July 2, 1971. Appellant had been taken before a magistrate at 9:45 A.M. on the same day and duly warned as required by Art. 15.17, V.A.C.C.P., including the crime he was charged with, to-wit, murder. The certificate of the Justice of the Peace is in the record attesting to these facts, and it was signed by appellant.

■ Although both Art. 15.17, V.A.C.C.P., and Art. 38.22, V.A.C.C.P., were complied with here, it is not necessary, as compliance with either will suffice to render a confession admissible. Dunlap v. State, Tex.Cr.App., 462 S.W.2d 591; Cobbs v. State, Tex.Cr.App., 495 S.W.2d 900; Shadrick v. State, Tex.Cr.App., 491 S.W.2d 681.

In his grounds of error numbers five, six and seven, which appellant discusses together in his brief, complaint is made that the psychiatrist who examined him was not allowed to relate the history given to him

by appellant, nor to answer a hypothetical question that the facts related to him by appellant were "capable of being interpreted in a way other than having a present intent to commit murder."

■■ There was no contention or issue that appellant was insane either at the time of the offense or at the time of trial. The psychiatrist testified that appellant was unusually intelligent and knew the difference between right and wrong. The appellant had testified before the jury and could have related all relevant facts under oath. The psychiatrist was permitted to state that appellant gave him a history of his life, and to base his testimony partly upon that history. The hearsay details as related to the psychiatrist were excluded, to which action we agree. Nor do we agree with appellant that it was competent for the psychiatrist to give his opinion based upon hearsay as to the intent of appellant at the time of the offense.

In McCormick and Ray, Texas Law of Evidence, § 1428, we find it said:

"In general, our courts permit a witness to testify as to his own intention or other state of mind where the same is material . . . . On the other hand decisions purporting to apply the opinion rule, uniformly exclude the testimony of a witness as to another person's state of mind. It is said that since one person cannot possibly know another's state of mind, his testimony is necessarily based on conjecture."

We overrule grounds of error five, six and seven.

Grounds of error numbers eight and nine insist that there was reversible error because groceries taken from the trailer house after the murder were displayed to the jury.

The evidence showed that appellant left the Seven-Eleven store where the murder occurred when he saw a customer arriving at the store, with a box of groceries, which he took with him in the automobile he and

Bell used to depart from the scene of the crime. Groceries identified as being identical to those coming from a Seven-Eleven store were brought into the courtroom and offered in evidence which were in the trailer house in which appellant and Bell were staying. Because the State did not prove that these groceries came from the very Seven-Eleven store in question, the Court sustained an objection to their admission in evidence and had them removed from the presence of the jury.

 We are not convinced that the groceries were not admissible, and consider the objections to be to the weight rather than the admissibility thereof. Nevertheless, the cautious trial judge sustained the objection, had the groceries removed, and denied a motion for mistrial. There was no request made for the court to instruct the jury to disregard the groceries. If there was error, which we do not decide, it could have been cured by an instruction to disregard. Christ v. State, Tex.Cr.App., 480 S.W.2d 394; Hopkins v. State, Tex. Cr.App., 480 S.W.2d 212, and many cases cited under ☞ No. 1169(5), Criminal Law, 13B Texas Digest. By failing to move for such instructions, the appellant waived the error, if any.

We overrule grounds of error numbers eight and nine.

 Ground of error number ten complains because the State offered to prove that an ice pick was found in the automobile used by appellant. Appellant's objection was sustained. He asked for no instructions or mistrial. He obtained all the relief he requested, and presents nothing for review.

 Appellant's last ground of error contends that the 140th District Court of Lubbock County did not have jurisdiction to try this case because there was no examining trial conducted in this court after certification from the juvenile court of Ector County, in violation of Article 2338–1, § 6(j), Vernon's Ann.Civ.St.

The record does not show that an examining trial was not held, hence nothing is presented to us for review, and it is not necessary for us to decide appellant's contention.

Finding no reversible error, we affirm the judgment.

Opinion approved by the Court.