**Danny Ray DEAN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–186–CR.**
**(2190cr).**

Court of Appeals of Texas,
Corpus Christi.

May 20, 1982.

Tom Robins, Scott, Robins, & McKay, William Seerden, Cullen, Carsner, Seerden & Williams, Victoria, for appellant.

Knute Dietze, Dist. Atty., Victoria, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a conviction for aggravated rape. Punishment was assessed by the jury at ninety-nine years confinement in the Texas Department of Corrections and a $10,000.00 fine.

The sufficiency of the evidence is not challenged. The defendant was convicted for the aggravated rape of a female on October 28, 1980, at the DeTar Hospital in Victoria, Texas. She positively identified the defendant as the man who raped her.

In his first ground of error, the defendant contends that the trial court erred in refusing to admit into evidence the results of a sodium pentothal or "truth serum" examination of the defendant. The defendant cites no authority which has permitted the admissibility of a "truth serum" examination. In *Cain v. State*, 549 S.W.2d 707, 712 (Tex.Cr.App.1977), *cert. denied*, 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111 (1977), the court held that the results of "truth serum" tests are inadmissible as evidence. We follow this holding and overrule the defendant's first ground of error.

In his second ground of error, the defendant contends that the trial court erred in refusing to admit into evidence the opinion of a qualified medical expert about the defendant's inclination to engage in deviate sexual behavior. A similar contention was decided against the defendant in *Jackson v. State*, 548 S.W.2d 685, 692 (Tex.Cr. App.1977) and in *Winegarner v. State*, 505 S.W.2d 303, 305 (Tex.Cr.App.1974). The defendant's second ground of error is overruled.

The judgment of the trial court is affirmed.