COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EDISON BAYAS, | § | No. 08-09-00241-CR |
| Appellant, | § | Appeal from the |
| v. | § | 210th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D01468) |
| | § | |

**O P I N I O N**

Edison Bayas, Appellant, was convicted of intoxication manslaughter for the death of Valerie

Talamantes, and was sentenced to fifteen years in prison and ordered to pay a fine of $10,000. On

appeal, Appellant contends that the trial court erred both in excluding expert testimony at the guilt

and sentencing phases of the trial, and by allowing the State to amend the indictment to which he

pled guilty. We affirm.

**BACKGROUND**

In the early morning hours on December 29, 2007, Appellant was traveling at least sixty

miles per hour when he struck and killed Talamantes, who was stopped at a red light. When

police arrived at the scene, they found that Appellant's blood-alcohol content was 0.27, more

than three times the legal limit. The original indictment charged Appellant with intoxication

manslaughter as follows:

> EDISON BAYAS, hereinafter referred to as Defendant, did then and there, by
> accident or mistake, while operating a motor vehicle in a public place while
> intoxicated, to wit: by having an alcohol concentration of .08 or more, and by
> reason of that intoxication caused the death of VALERIE TALAMANTES by
> then and there driving said motor vehicle into and causing it to collide with a
> motor vehicle driven by VALERIE TALAMANTES,

And it is further presented that said Defendant did use and exhibit a deadly weapon, to-wit: a motor vehicle, that in the manner of its use and intended use was capable of causing death and serious bodily injury, during the commission of and immediate flight from said felony offense.

Indicating that he wanted to present expert testimony regarding causation, Appellant filed a motion for a "gatekeeper" hearing. Appellant asserted that the testimony of three medical experts would show that post-traumatic stress disorder (PTSD), not alcohol, caused the accident. At the hearing, Appellant's attorney explained that Appellant had been a staff sergeant in charge of a platoon in Iraq. A few hours after the accident, he told the police that he thought he was in Iraq and was rushing to his troops at the time of the accident. According to Appellant's attorney, the experts would testify that when the accident occurred, Appellant "was in the grips" of a PTSD-induced flashback "en route to save troops in Iraq."

Citing case law, the trial court ruled that experts cannot testify regarding a defendant's state of mind at the time of an offense. The court also determined that Appellant's proposed expert testimony was inadmissible because it was irrelevant and unreliable, and because Appellant's PTSD was not an intervening cause independent of his conduct that would negate causation.

Appellant filed a motion to reconsider, arguing that the court did not consider whether the expert testimony regarding PTSD could be admissible on the issue of intent, even if not admissible on the issue of causation. Appellant conceded that intoxication manslaughter is generally a strict liability offense. He argued, however, that intent is an issue here because the last paragraph of the indictment included the phrase "and intended use" when describing his vehicle as a deadly weapon. A few hours after Appellant filed his motion to reconsider, the State filed a notice of intent to abandon the phrase "and intended use" from the last paragraph of the indictment. The court ordered that the indictment be reformed to reflect this change, noting that the State's abandonment increased

its burden of proof. In light of the change, the court determined that the motion to reconsider was moot. The court also stated that the expert testimony was inadmissible pursuant to Texas Rule of Evidence 403.

When the case proceeded to trial, Appellant pled guilty before a jury. During the punishment phase of trial, the defense argued that expert testimony of interviews with Appellant should be admitted, as they formed the factual basis upon which a doctor relied to diagnose Appellant with PTSD. The trial court agreed with the State, ruling that Appellant's witness statements were unreliable and could be used improperly by the jury to suggest that the PTSD, not the alcohol, caused the collision. The court allowed expert testimony as to the basis for the doctor's diagnosis, including the accident report, confession, and interviews with Appellant, but excluded testimony as to what Appellant specifically said in the discussions.

## EXCLUSION OF EXPERT TESTIMONY DURING THE TRIAL'S GUILT-INNOCENCE PHASE

In his first issue, Appellant argues that the trial court erred in prohibiting expert testimony during the trial's proposed guilt-innocence phase concerning the Appellant's state of mind at the time of the offense.

The State argues that Appellant waived this issue by pleading guilty. A valid guilty plea waives or forfeits the right to appeal a claim of error only if the judgment of guilt was rendered independent of, or not supported by, the error, regardless of whether it was entered with an agreed recommendation of punishment by the State. *Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).

The State argues that intent is irrelevant in a prosecution for intoxication manslaughter, and that the exclusion of the evidence did not contribute to the State's ability to prove Appellant's guilt.

The State does not address the fact that Appellant also sought to introduce the expert testimony on the issue of causation. Causation is an essential element of intoxication manslaughter. *See* TEX. PENAL CODE ANN. § 49.08 (West 2011); *see also Sanchez v. State*, 98 S.W.3d 349, 354 (Tex. App. – Houston [1st Dist.] 2003, pet. ref'd) (indicating that an error affecting an issue vital to a defense is not waived by a guilty plea). Because the State has not raised waiver as it pertains to causation, and because it is clear that Appellant's arguments fail on their merits, we find it unnecessary to determine whether Appellant's first issue was waived. *Cf. Prater v. State*, 903 S.W.2d 57, 59 (Tex. App. – Fort Worth 1995, no pet.) (addressing the merits of a waived claim in the interest of justice).

We review a trial court's exclusion of expert testimony for an abuse of discretion. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). We will uphold the court's ruling if it is within the zone of reasonable disagreement. *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002).

As the trial court noted, Texas courts have consistently rejected attempts to offer any testimony by anyone but the defendant concerning his mental state at the moment he committed the crime. *See Avila v. State*, 954 S.W.2d 830, 839 (Tex. App. – El Paso 1997, pet. ref'd). This rule is based on the idea that one person cannot possibly know another's state of mind; thus, any testimony given by a witness is inevitably based on conjecture. *Winegarner v. State*, 505 S.W.2d 303, 305 (Tex. Crim. App. 1974), *overruled on other grounds by White v. State*, 576 S.W.2d 843 (Tex. Crim. App. 1979).

On appeal, Appellant does not dispute that the proposed expert testimony concerned his mental state at the time of the accident. Instead, Appellant disputes the precedential value of this rule, arguing that its reasoning is not rooted in constitutions, statutes, or binding common law because it originated in McCormick and Ray, *Texas Law of Evidence*, § 1428. Regardless of where

it originated, the rule has been adopted by the Texas Court of Criminal Appeals. *See Winegarner*, 505 S.W.2d at 305; *see also Arnold v. State*, 853 S.W.2d 543, 547 (Tex. Crim. App. 1993) (excluding witness testimony as to the appellant's state of mind regarding "willfulness"); *Jackson v. State*, 548 S.W.2d 685, 692-93 (Tex. Crim. App. 1977) (affirming the trial court's exclusion of a psychiatrist's testimony concerning appellant's state of mind at the time of the offense). As an intermediate appellate court, we are not at liberty to ignore binding precedent.[1]

Appellant's first issue is overruled.

## REFORMATION OF THE INDICTMENT

In his second issue, Appellant argues that the court erred in allowing the State to amend the indictment to alter the definition of "deadly weapon," thus preventing Appellant from introducing evidence to negate intent. As with the first issue, the State summarily argues that Appellant waived this issue by pleading guilty. *But see Moss v. State*, 13 S.W.3d 877, 888 (Tex. App. – Fort Worth 2000, pet. ref'd) (holding that appellant did not waive alleged error regarding deadly weapon finding by voluntarily pleading guilty to the offense). Again, because this issue is easily resolved on the merits, we need not determine whether it was waived.

An indictment may not be amended over a defendant's objection if the amendment "charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." TEX. CODE CRIM. PROC. ANN. art. 28.10(c) (West 2006). An amendment is an alteration to the face of the indictment which affects its substance. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997).

The indictment originally alleged:

---

[1] Moreover, to the extent that the expert testimony was offered on the issue of intent, it was irrelevant because, as Appellant concedes, intoxication manslaughter is a strict liability offense. TEX. PENAL CODE ANN. § 49.11(a) (West 2011).

And it is further presented that said Defendant did use and exhibit a deadly weapon, to-wit: a motor vehicle, that in the manner of its use *and intended use* was capable of causing death and serious bodily injury, during the commission of and immediate flight from said felony offense. (Emphasis added.)

The trial court allowed the State to delete the words "and intended use." The definition of "deadly weapon" includes "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West 2011). Based on this definition, Appellant suggests that the words "and intended use" were required to remain in the indictment. He argues that the deletion of these words changed the substance of the indictment and prevented him from presenting evidence regarding intent. The trial court did not find the deleted words to alter the form or substance of the indictment, and therefore construed the change to be an abandonment, not an amendment.

The State may abandon parts of an indictment when the charging instrument contains alternative allegations, in which case the State is only required to prove one alleged means of committing an offense, and when it reduces surplus language. *Eastep*, 941 S.W.2d at 133-34. We agree with the trial judge that the State's alteration of the indictment constituted an abandonment.

When a statute provides multiple means of committing an offense, the State may plead the means conjunctively, but is required to prove only one of the alleged means. *Id.* at 133. Accordingly, even though the State originally alleged "use and intended use," it was only required to prove one of those means. By deleting "and intended use" the State limited itself to proving that the vehicle was capable of causing death or serious bodily injury in the manner of its use. *See id.* at 133-34. The abandonment of the alternative means – "intended use" – was not an amendment. *See Garcia v. State*, 537 S.W.2d 930, 932-33 (Tex. Crim. App. 1976) (where the indictment originally alleged that defendant had been "charged with and convicted of" a felony, deletion of

"and convicted of" was an abandonment, not an amendment).

Moreover, the words "and intended use" embodied mere surplusage. Surplusage is defined as language not legally essential to constitute an alleged offense. *Eastep*, 941 S.W.2d at 134. A deadly weapon allegation is not an element of intoxication manslaughter, but serves as notice to the defendant that the State will seek a deadly weapon finding during the prosecution of the case. *See* TEX. PENAL CODE ANN. § 49.08(a) (West 2011). A deadly weapon finding has a negative effect on a defendant's eligibility for community service, parole, and mandatory supervision. *Sierra v. State*, 280 S.W.3d 250, 254 (Tex. Crim. App. 2009). Although a defendant is entitled to notice that the State will seek a deadly weapon finding, the notice need not be contained in the indictment. *See Brooks v. State*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993). A person commits intoxication manslaughter if he or she (1) operates a motor vehicle in a public place (2) while intoxicated, and (3) by reason of that intoxication, (4) causes the death of another, (5) by accident or mistake. TEX. PENAL CODE ANN. § 49.08(a) (West 2011). The deadly weapon allegation was not legally essential to constitute intoxication manslaughter, and as such, the State retained its discretion to abandon the surplus phrase and prove the offense using the requisite elements. *See Thomas v. State*, 811 S.W.2d 201, 205 (Tex. App. – Houston [1st Dist.] 1991, pet. ref'd) (holding that a deadly weapon allegation was surplusage in a prosecution for unauthorized use of a motor vehicle).

Appellant's second issue is overruled.

## EXCLUSION OF EXPERT TESTIMONY DURING THE TRIAL'S PUNISHMENT PHASE

In his third issue, Appellant argues that during the punishment phase, the trial court erred in refusing to allow an expert witness to explain that his diagnosis of PTSD was based, in part, on what Appellant told him about his mental history, including what happened on the night of the

accident. He relies on Rule 803(4) of the Texas Rules of Evidence. That rule provides an exception to the hearsay rule, allowing witnesses to express "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment," even when the declarant is available to testify. TEX. R. EVID. 803(4).

In *Taylor v. State*, Taylor appealed his conviction of sexual assault by arguing that the trial court erred in allowing testimony by a therapist based on conversations she had with the thirteen-year-old victim, contending that the testimony was inadmissible hearsay. *Taylor v. State*, 268 S.W.3d 571, 574-78 (Tex. Crim. App. 2008). The Court of Criminal Appeals construed Rule 803(4) to require as proof that (1) the child-declarant was aware that the statements were made for the purpose of medical diagnosis or treatment which depended upon the veracity of such statements, and (2) the particular statement was pertinent to treatment, that is, it was appropriate for an expert to rely on that information. *Id.* at 588-91; *see also Mbugua v. State*, 312 S.W.3d 657, 670-71 (Tex. App. – Houston [1st Dist.] 2009, pet. ref'd) (applying the two-part test in *Taylor* to the admission of expert testimony where the declarant was an adult).

Appellant acknowledges that *Taylor*'s two-part test applies here, yet he makes no attempt to show that either part was satisfied. There was no evidence that Appellant expressly understood that interviews with Dr. Natalicio were intended to diagnose or treat his disorder. Instead, the record shows that Appellant sought help from Dr. Natalicio at the request of his counsel only after he had been arrested for the death of Valerie Talamantes. These interviews began in late January 2008, approximately one month after the accident occurred on December 29, 2007. This would have allowed Appellant sufficient time to consider his state of mind on the night of the accident, as well

as possible defense strategies.  Thus, Appellant's statements appear to be self-serving.  *See Allridge v. State*, 762 S.W.2d 146, 152 (Tex. Crim. App. 1988) (holding that self-serving statements are inadmissible as evidence of the asserted facts); *Sneed v. State*, 955 S.W.2d 451, 454 (Tex. App. – Houston [14th Dist.] 1997, pet. ref'd) (reliability of statements offered under Rule 803(4) substantially decreases when sufficient time has elapsed for the party to reflect and fabricate an explanation).

Because Dr. Natalicio's testimony was inadmissible under Rule 803(4), the only basis for admissibility would be Rule 705(d).  This rule provides that when the underlying facts or data supporting an expert's opinion would be inadmissible in evidence, "the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial."  TEX. R. EVID. 705(d).  Here, the trial court balanced the underlying data with the risk of its prejudicial effect, and concluded that because jurors may infer that the PTSD, not Appellant's intoxication, caused the accident, it should be excluded.  *See Valle v. State*, 109 S.W.3d 500, 506 (Tex. Crim. App. 2003) (excluding statements made by appellant's mother was proper, because their submission might have caused the jury to rely on the testimony as substantive evidence).  No abuse of discretion is shown.

Appellant's third issue is overruled.

## CONCLUSION

Having overruled Appellant's three issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

July 13, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)