

# NUMBER 13-06-00064-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**BRIAN ERNST,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                             **Appellee.**

_____

### On appeal from the 319th District Court
### of Nueces County, Texas

_____

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

A jury found appellant, Brian Ernst, guilty of aggravated kidnapping.[1] After appellant pleaded true to the enhancement paragraph regarding a previous felony conviction of indecency with a child, the trial court sentenced him to a life sentence in

---

[1] TEX. PENAL CODE ANN. § 20.04 (West 2003).

the Institutional Division of the Texas Department of Criminal Justice.[2]  By four issues, appellant argues that:  (1) the trial court erred in denying his motion for funds for an expert witness; (2) the trial court erred in refusing to instruct the jury on the lesser-included offense of kidnapping; (3) the trial court erred in not allowing him to present expert testimony; and (4) the evidence is insufficient to establish that he intentionally or knowingly abducted another person with the intent to violate or abuse that person sexually.  We affirm.

## I. BACKGROUND

P. C., who was a psychologist in training, picked up appellant, who was her client, and took him to her office for a counseling session.  While returning him to his sister's house,[3] he insisted she drive to the beach, so they could talk.  When she refused, he held a knife to her side and said, "If you don't listen to me I'm going to kill you."  He grabbed her hand, and put the tip of the knife to it, cutting her skin.

P.C. feared for her life and testified that by the time they arrived at the beach, appellant had grabbed her right hand, clasped it, and started kissing it passionately.  He also rubbed her arm and grabbed her right breast.  While he was doing this, he stated: "[y]ou know what I want" and "[i]f you don't play by my rules, I'm going to kill you."  He forced her hand onto his crotch but threw it back when she did not reciprocate.

Believing he planned to rape her, she jumped out of the car and ran away.  He caught her, causing her to fall.  Seeing some nearby vehicles, he threw the knife into a field and told P.C., "I don't have a knife.  Get back in the car with me."  She ran for help,

---

[2] TEX. PENAL CODE ANN. § 12.42(c)(2)(ii) (West 2010).

[3] P.C.'s job duties included transporting clients.

2

and appellant left in her car. Appellant returned to the scene and was subsequently arrested.

The knife and a picture depicting where the knife was found at the beach were admitted into evidence during the trial. In addition, P.C.'s emergency-room medical records and various pictures of P.C. showing her cut and contusions were also admitted into evidence.

## II. ANALYSIS

### A. Sufficiency of the Evidence

In his fourth issue, appellant argues the evidence is legally insufficient to establish that he intentionally or knowingly abducted another person with the intent to violate or abuse her sexually.

When reviewing the legal sufficiency of the evidence, the court must ask itself whether, after reviewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and not whether it believes the evidence establishes the verdict beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979); *Brooks v. State,* 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.); *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In doing so, we assess all of the evidence in the light most favorable to the prosecution. *Jackson,* 443 U.S. at 319. We must presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Id.* at 319. The jury resolves questions about the credibility of witnesses and the weight to be given to their testimony. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008); *State v. Mercier*, 164 S.W.3d

3

799, 813–14 (Tex. App.—Corpus Christi 2005, pet. ref'd). The jury may believe all, part, or none of any witness's testimony. *Moody v. State*, 830 S.W.2d 698, 700 (Tex. App.—Houston [1st Dist.] 1992, pet ref'd).

To measure legal sufficiency, we use the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State,* 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* A person commits the offense of kidnapping if he intentionally or knowingly abducts another person. *See* TEX. PENAL CODE ANN. § 20.03 (West 2003). The offense is elevated to an aggravated offense if the abduction occurs with the intent to "violate or abuse [the person] sexually." *See id.* § 20.04(a)(4). The aggravating "intent" element need not coincide with the initial abduction, but may occur at any time during the ongoing course of the abduction. *See Kemple v. State,* 725 S.W.2d 483, 485 (Tex. App.—Corpus Christi 1987, no pet.). The victim's testimony that she was sexually abused is sufficient to show appellant's intent. *Gibbons v. State,* 652 S.W.2d 413, 415 (Tex. Crim. App. 1983).

The evidence shows that appellant forced P.C. to drive to the beach, that appellant non-consensually touched her right breast, and that appellant made her to touch his crotch. The evidence shows that appellant held a knife to P.C. threatening that if she did not do what he wanted, he would kill her. The evidence shows that the appellant attempted to sexually assault P.C., and that she attempted to escape. The evidence shows that appellant took off with her car, but that he subsequently returned to

4

the scene and was arrested. We hold the evidence was sufficient to establish that appellant had the intent to violate or abuse P.C. sexually. We overrule appellant's fourth issue.

### B. Appellant's Request for Funds to Hire a Mental-Health Expert Witness.

In his first issue, appellant asserts the trial court erred by denying his motion for funds for a mental-health expert witness. Appellant filed an unsworn motion for funds to hire a disinterested expert qualified in the field of mental health and mental retardation. Appellant sought a defense expert to assist him in evaluating his mental, emotional, and comprehension states at the time of the offense, to determine fitness to stand trial, and to aid him in the punishment and rehabilitation phases. Appellant's motion was denied.

We review the trial court's denial of a request for an expert witness under an abuse of discretion standard, with the burden on the defendant to make a sufficient threshold showing of the need for the expert's assistance. *See Griffith v. State,* 983 S.W.2d 282, 286–87 (Tex. Crim. App. 1998). The allowance of additional funds for an expert witness is also a matter within the sound discretion of the trial court, and an abuse of discretion will not be found absent a showing of harm. *See Castillo v. State*, 739 S.W.2d 280, 294–95 (Tex. Crim. App. 1987); *Quin v. State*, 608 S.W.2d 937, 938 (Tex. Crim. App. 1980).

In *Ake v. Oklahoma*, the United States Supreme Court held that, when a defendant demonstrates to the trial court that his sanity at the time of the offense is likely to be a significant factor at trial, the State must assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in the evaluation, preparation, and presentation of the defense. 470 U.S. 68, 82–83 (1985). It

5

is the defendant's burden to make a preliminary showing that sanity is "likely to be a significant factor" at trial. *See id*; *Taylor v. State,* 939 S.W.2d 148, 153 (Tex. Crim. App. 1996). This showing is completed by a motion supported by affidavits or other evidence in support of the defensive theory, an explanation as to what the defensive theory is, and why expert assistance would be helpful in establishing that theory, or a showing there was a reason to question the State's expert and proof. *Taylor v. State,* 905 S.W.2d 655, 659 (Tex. App.—Amarillo 1995, pet. ref'd).

Evidence of mental problems alone is generally insufficient to make the threshold showing required; rather, it must be buttressed with a factual showing sufficient to give the trial court reasonable ground to doubt the accused's sanity. *See Norton v. State,* 930 S.W.2d 101, 110 (Tex. App.—Amarillo 1996, pet. ref'd) (citing *Williams v. Collins,* 989 F.2d 841, 845 (5th Cir. 1993)). A defense attorney's beliefs or speculations regarding the accused do not meet the type of showing required to show that insanity is likely to be a significant factor in the case. *See Knight v. State,* 868 S.W.2d 21, 24 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). It is also insufficient to offer "little more than undeveloped assertions that the requested assistance would be beneficial." *Moore v. State,* 935 S.W.2d 124, 130 (Tex. Crim. App. 1996) (quoting *Caldwell v. Mississippi,* 472 U.S. 320, 323 n.1 (1985)).

The court's expert may serve an important function in identifying whether sanity will be a significant factor at trial, and thus, whether appointment of a defense expert is required. *De Freece v. State,* 848 S.W.2d 150, 159 (Tex. Crim. App. 1993). A preliminary examination by a disinterested expert may show that insanity will not be a significant factor in the case, such that the due process right in *Ake* is not triggered.

6

*See Norton,* 931 S.W.2d at 110; *Knight,* 868 S.W.2d at 23 (citing *De Freece,* 848 S.W.2d at 159). Where a state-sponsored examination reveals no likelihood of insanity at the time of the offense, a defendant has not met the threshold requirements for relief under *Ake. See De Freece,* 848 S.W.2d at 156.

Appellant did not provide notice of his intent to raise insanity as a defense. *See* TEX. CODE CRIM. PROC. ANN. art. 46C.051 (West 2006). Thus, appellant has waived this issue for appeal. *See Hill v. State,* 320 S.W.3d 901, 904 (Tex. App.—Amarillo 2010, pet. ref'd); *Gomez v. State*, Nos. 14-99-00465-CR & 14-99-00466-CR, 2001 Tex. App. LEXIS 2094, at **9–12 (Tex. App.—Houston [14th Dist.] Mar. 29, 2001, pet. ref'd) (not designated for publication). However, even if appellant's motion could be considered as somehow raising insanity as a defense, appellant's unsworn motion merely made conclusory assertions, and did not include any affidavits or any other evidence to support it.[4]

Further, appellant had previously filed a motion for psychiatric examination. The trial court granted appellant's motion, and entered an order appointing Dr. Capitaine, a licensed physician in the field of psychiatry, to examine appellant and prepare a report determining: (1) if appellant is competent to stand trial and to assist counsel in his own defense; and (2) the sanity of appellant at the time of the commission of the offense at issue. Dr. Capitaine concluded, among other things, that appellant was competent to stand trial, notwithstanding the fact he had a mental illness. He concluded that although appellant had "delusions with paranoid themes" at the time of the offense, it did not

---

[4] Texas Penal Code section 8.01(a) provides that for the affirmative defense of insanity when "at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong. TEX. PENAL CODE ANN. § 8.01(a) (West 2003).

prevent him from "discriminating between right and wrong," that it was "more likely that he was responding to sexual urges," and that he knew it was "wrong to force a woman to the beach at knifepoint."

We find no abuse of discretion on the part of the trial court in overruling appellant's motion for funds. Accordingly, we overrule the first issue.

### C. Exclusion of Appellant's Psychiatrist Testimony

In his third issue, appellant argues the trial court erred in not allowing him to present expert psychiatric testimony regarding his intent at the time of the offense. Dr. Carlos Estrada's testimony, outside the jury's presence, revealed that appellant's intent was "confused and changing" at the time of the offense.

### 1. Standard of Review

We review the exclusion of an expert witness under an abuse-of-discretion standard. *Kelly v. State*, 824 S.W.2d 568, 574 (Tex. Crim. App. 1992). The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). [I]f the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling. *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009).

### 2. Analysis

For expert testimony to be admissible, the proponent must show the testimony offered is sufficiently relevant and reliable to assist the jury in accurately understanding other evidence or in determining a fact in issue. *See* TEX. R. EVID. 702; *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). In other words, the expert's

knowledge and experience on a relevant issue must be shown to be beyond that of the average juror, and it must be shown that his testimony will help the jury understand the evidence or determine a fact issue. *See Duckett v. State*, 797 S.W.2d 906, 914 (Tex. Crim. App. 1990), *overruled on other grounds by Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993). When the jury is equally competent to form an opinion about an ultimate fact issue, or the expert's testimony is within the common knowledge of the jury, the trial court should exclude the expert's testimony. *See Blumenstetter v. State,* 135 S.W.3d 234, 248–49 (Tex. App.—Texarkana 2004, no pet.).

In *Winegarner v. State*, 505 S.W.2d 303, 304 (Tex. Crim. App. 1974), *overruled on other grounds by White v. State*, 576 S.W.2d 843, 845 (Tex. Crim. App. 1979), the defendant was convicted of murder with malice. On appeal, he argued the trial court did not allow "the psychiatrist who examined him . . . to relate the history given to him by [the defendant], nor to answer a hypothetical question that the facts related to him by [the defendant] were 'capable of being interpreted in a way other than having a present intent to commit murder.'" *Winegarner,* 505 S.W.2d at 305. In affirming the conviction, the Court of Criminal Appeals stated:

> In general, our courts permit a witness to testify as to his own intention or other state of mind where the same is material. . . . On the other hand decisions purporting to apply the opinion rule, uniformly exclude the testimony of a witness as to another person's state of mind. It is said that since one person cannot possibly know another's state of mind, his testimony is necessarily based on conjecture.

*Id.* (quotation marks omitted).

In *Jackson v. State*, 548 S.W.2d 685, 699 (Tex. Crim. App. 1977), the defendant was convicted of voluntary manslaughter. On appeal, he argued that during the trial on

9

the merits the trial court erred in refusing to let Dr. Holbrook "testify before the jury . . . regarding [the defendant's] state of mind at the time of the alleged offense." *Id.* at 692. In response, the Court of Criminal Appeals stated: "We held in *Winegarner v. State*, 505 S.W.2d 303, that it is not proper for a psychiatrist to give his opinion based upon hearsay as to the intent of appellant at the time of the offense. No error is shown." *Id.* at 692-93.

Finally, in *Fairow v. State*, 943 S.W.2d 895, 896 (Tex. Crim. App. 1997), the defendant was convicted of capital murder. On appeal, the defendant argued the trial court improperly excluded evidence of a co-conspirator's opinion regarding whether another co-conspirator caused the victim's death. *Id.* at 897. In affirming the conviction, the Court of Criminal Appeals stated:

> It is impossible for a witness to possess personal knowledge of what someone else is thinking. The individual is the only one who knows for certain the mental state with which he is acting. Therefore, if the trial court determines that a proffered lay-witness opinion is an attempt to communicate the actual subjective mental state of the actor, the court should exclude the opinion because it could *never* be based on personal knowledge. Likewise, if the witness's lack of personal knowledge yields testimony that amounts to "choosing up sides" or an opinion of guilt or innocence, his opinion should be excluded.

*Id.* at 899 (emphasis in original) (internal citations omitted).

Texas courts have repeatedly excluded testimony regarding a defendant's state of mind or intent at the time of the offense because it is speculative and unreliable. *See Arnold v. State*, 853 S.W.2d 543, 547 (Tex. Crim. App. 1993); *Avila v. State*, 954 S.W.2d 830, 839 (Tex. App.—El Paso 1997, pet. ref'd); *Osby v. State*, 939 S.W.2d 787,

790 (Tex. App.—Fort Worth 1997, pet. ref'd);[5] *Whitmire v. State*, 789 S.W.2d 366, 372 (Tex. App.—Beaumont 1990, pet. ref'd). As an intermediate appellate court, we are not at liberty to ignore binding precedent. *Southwick v. State,* 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist. 1985, no pet.). We hold that whether the psychiatrist's testimony was admissible is at least subject to reasonable disagreement. Therefore, the trial court did not abuse its discretion in excluding the expert's testimony regarding appellant's intent. Issue three is overruled.

### D. Lesser-Included Offense

In his second issue, appellant argues the trial court erred in refusing to instruct the jury on the lesser-included offense of kidnapping. As shown below, kidnapping is a lesser-included offense in this case, but the evidence did not raise the issue of kidnapping. When evaluating charge error, we first determine whether there was error in the charge. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g). If so, "the next step is to make an evidentiary review . . . as well as a review of any other part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused." *Id*.

Under the Code of Criminal Procedure, an offense is a lesser-included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

---

[5] *But see Fielder v. State,* 756 S.W.2d 309 (Tex. Crim. App. 1988) (wherein a narrow exception is carved to show the "burning bed syndrome").

(4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). The Court of Criminal Appeals has clarified the method for determining whether the allegation of a greater offense includes a lesser offense. *See Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). The *Hall* Court phrased the issue as "whether 'the facts required' in Article 37.09(1) are determined by the evidence adduced at trial, or whether the determination is a question of law that can be answered before the trial begins by looking at the elements and facts alleged in the charging instrument." *Id*. at 531. The *Hall* Court held that the "pleadings" approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included offense instruction. *Id*. at 535. In describing this "cognate-pleadings" approach, the *Hall* Court stated that a "court looks to the facts and elements as alleged in the charging instrument, and not just to the statutory elements of the offense, to determine whether there exists a lesser-included offense of the greater charged offense." *Id*. at 526. The availability of a lesser-included instruction in a given case depends on the second step, whether there is some evidence adduced at trial to support such an instruction. *Id*. at 535.

The first step of the lesser-included offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. *See Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). It does not depend on the evidence to be produced at trial. *Id*. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *See Hall*, 225 S.W.3d at 535-36.

12

The evidence adduced at trial remains an important part of the trial court's decision whether to charge the jury on a lesser-included offense. *Id.* at 536. The second step in the analysis asks whether there is evidence that supports giving the instruction to the jury. *Id.* A defendant is entitled to an instruction on a lesser-included when the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is "some evidence" in the record that would permit a jury rationally to find that if the defendant is guilty, he or she is guilty only of the lesser-included offense. *Id.* at 536. In this step of the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Id.* In other words, the evidence must establish the lesser-included offense as "'a valid, rational alternative to the charged offense.'" *Id.* at 536 (quoting *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999)).

Applying the first step of the lesser-included offense analysis, we do not consider the evidence that was presented at trial. *Id.* Instead, we consider only the statutory elements of aggravated kidnapping as they were modified by the particular allegations in the indictment. *See id.* In this case, the indictment alleged, in relevant part: (1) "defendant;" (2) "with the intent to violate or abuse sexually [P.C.]"; (3) "intentionally or knowingly"; (4) "abduct[ed] [P.C.]"; (5) "by restricting the movements of said [P.C.]"; (6) "without her consent"; (7) "so as to interfere substantially with her liberty"; (8) "by moving her from one place to another or confining her"; (9) "with the intent to prevent her liberation"; (10) "by using or threatening to use deadly force, namely placing a knife against [P.C.'s] side[.]" We now compare these charged elements with the elements of the offense of kidnapping that could be included in that offense. Section 20.03—

13

kidnapping—provides, in relevant part: "(a) A person commits an offense if he intentionally or knowingly abducts another person." TEX. PENAL CODE ANN. § 20.03 (West 2003). In this case, the offense of kidnapping contains all the elements that were explicitly charged in the indictment.

We then ask the question that article 37.09(a) poses: are the elements of the purported lesser offense "established by proof of the same or less than all the facts required to establish the commission of the offense charged[?]" *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). We hold that in the instant case, the elements required to prove kidnapping are the same as, or less than those required to prove aggravated kidnapping as alleged in the indictment. Thus, kidnapping is a lesser-included offense of aggravated kidnapping because kidnapping is within the proof necessary to establish aggravated kidnapping, the offense charged in this case. *See Lavarry v. State*, 936 S.W.2d 690, 694 (Tex. App.—Dallas 1996, pet. dism'd). Therefore, appellant's requested instruction satisfied the first prong of the *Hall* test.

In the second step of a lesser-included offense analysis, we must examine the evidence adduced at trial to determine if there was some evidence to support instructing the jury on the lesser-included offense. *Hall*, 225 S.W.3d at 536. There is no evidence in the record that would permit a jury rationally to find appellant was guilty only of kidnapping. The evidence at trial contains no affirmative evidence to rebut the aggravated kidnapping charge. Rather, the evidence at trial indicated that appellant rubbed P.C.'s breast, pulled her hand to his crotch, and threatened her with a knife all of which amounts to a violation or abuse of P.C. sexually. *See* TEX. PENAL CODE ANN. § 20.04 (West 2003) (stating, "[a] person commits an offense [of aggravated kidnapping] if

14

he intentionally or knowingly abducts another person with the intent to: . . . (4) inflict bodily injury on him or violate or abuse him sexually[.]"). Appellant has not demonstrated that there is any evidence in the record that, if he is guilty, he is guilty of only kidnapping and not aggravated kidnapping. We conclude appellant was not entitled to an instruction on the lesser-included offense. Thus, we hold that appellant has not offered more than a scintilla of evidence in favor of the requested instruction, and therefore was not entitled to a lesser charge of kidnapping under the second prong of *Hall*. Issue two is overruled.

## III. CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

_____
Gregory T. Perkes
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
27th day of October, 2011.

15