NO. 07-09-00323-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 19, 2010

ROCKY A. HILL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,474; HONORABLE CECIL G. PURYEAR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Rocky A. Hill, entered a plea of guilty to four counts of aggravated robbery[1] without benefit of any plea bargain. After hearing the punishment evidence, the trial court assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 20 years on each count. Appellant appeals this judgment. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 29.03(a)(3) (Vernon 2003).

Factual and Procedural Background

Appellant presents a single issue for our consideration. Because the issue raised by appellant does not touch upon the legal or factual sufficiency of the evidence to support the convictions, we will limit our recitation of the facts to those that are germane to the issue.

Appellant was indicted on four counts of aggravated robbery on March 25, 2008. On July 9, 2008, appellant's trial counsel filed a motion suggesting appellant's incompetency to stand trial, and requesting that the trial court enter an order for the examination of appellant by a competent expert. The trial court entered an order to have appellant examined by Dr. Robert Morgan to determine appellant's competency to stand trial.[2] Appellant was examined by Dr. Robert Morgan and Dr. Lucas Shaw. Based on the examination, the doctors reported back to the trial court that appellant was competent to stand trial. Subsequent to the competency examination, appellant's trial counsel filed a request to have appellant examined regarding the issue of an insanity defense.[3] On October 29, 2008, the trial court ordered a second examination by Dr. Morgan on the issue of competency to stand trial. Notwithstanding the trial court's order, Dr. Morgan examined appellant concerning insanity on July 28, 2009. The report of this examination was filed with the district clerk's office on August 5, 2009.

On August 17, 2009, appellant entered guilty pleas, to each of the four counts of aggravated robbery. After receiving appellant's guilty pleas the trial court ordered a pre-

_____

[2] See TEX. CODE CRIM. PROC. ANN. ch. 46B. (Vernon Supp. 2009).

[3] See TEX. CODE CRIM. PROC. ANN. ch. 46C. (Vernon 2006).

2

sentence investigation[4] and set the hearing on punishment for August 31, 2009.  During the punishment hearing, both Dr. Morgan and Dr. Shaw testified about the results of the competency examination and the examination conducted for purposes of an insanity defense.  Each doctor testified that appellant was competent to stand trial and that, at the time of commission of the indicted offenses, the appellant "was not suffering from a mental disease or defect such that he did not know that his conduct was wrong."  Both doctors did testify that appellant suffered from various mental health issues ranging from psychotic disorder not otherwise specified, poly-substance dependence, and malingering.  Appellant's family also presented testimony regarding appellant's apparent mental health issues.  After hearing all of this evidence, the trial court sentenced appellant to four concurrent 20 year sentences.  It is from these judgments that appellant appeals.

Appellant presents a single issue alleging that "the trial court abused its discretion in failing to give due weight and consideration to the mental disposition of the [appellant] and the possible effect of not having available the diagnosis of the unclassified psychosis to inform its determination of the level of punishment to assess." This issue is multifarious, at best, and makes it difficult for the Court to determine what action the trial court took or failed to take that led to appellant's rights being violated or the entry of an erroneous judgment.  See TEX. R. APP. P. 38.1(f).[5]  However, we will consider the issue raised in light of the brief filed and try to determine, with reasonable

---

[4] See TEX. CODE CRIM. PROC. ANN. art. 42.12(9) (Vernon Supp. 2009).

[5] Further reference to the Rules of Appellate Procedure will be by reference to "Rule ___."

certainty, the alleged error of which appellant complains. <u>See</u> <u>Stults v. State</u>, 23 S.W.3d 198, 205 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd).

Appellant appears to argue that, based on the evidence presented during the punishment hearing, the trial court had a duty to stop the punishment hearing on its own motion, and order appellant be further examined for purposes of an insanity defense. Additionally, appellant appears to contend that this court should change the law in the State of Texas to recognize "irresistible impulse" as a defense to prosecution under the provisions of the insanity defense. We find no error in the procedure followed by the trial court and, therefore, we will affirm the trial court's judgment.

Raising the Insanity Defense

A criminal defendant who desires to raise the insanity defense does so by following the guidelines set forth in chapter 46C of the Texas Code of Criminal Procedure. <u>See</u> TEX. CODE CRIM. PROC. ANN. ch. 46C. Under Texas law, insanity is an affirmative defense to prosecution. <u>See</u> TEX. PENAL CODE ANN. § 8.01 (Vernon 2003), <u>Martinez v. State</u>, 867 S.W.2d 30, 34 (Tex.Crim.App. 1993). Under the current statutory scheme, a criminal defendant is required to file a notice of intent to raise an insanity defense at least 20 days before the case is set for trial. <u>See</u> TEX. CODE CRIM. PROC. ANN. art. 46C.051(b)(2).[6] This process must be met or the criminal defendant will not be allowed to introduce evidence on the issue of insanity, absent good cause for failure to give the required notice. <u>See</u> art. 46C.052.

---

[6] Further reference to the Texas Criminal Procedure Code shall be by reference to "art. ___."

In the case before the Court, appellant's counsel did not give the required notice. The record reflects that a report of the doctors' second examination of appellant was filed in the district clerk's office on August 5, 2009. This is within the 20 day period of the statute. See art. 46C.051(b)(2). However, appellant's trial counsel did not seek either a continuance or a ruling that good cause existed for not giving the requisite 20 day notice. Whether or not counsel should have done either is not an issue before this Court. Simply speaking, any claimed error relating to the trial court's failure to consider evidence of appellant's insanity defense was not preserved for our review. See Rule 33.1(a)(1)(A).

As to appellant's contention that the trial court should have *sua sponte* stopped the punishment hearing upon receiving evidence of appellant's mental health issues, appellant has presented no authority for that proposition. Although appellant likens that procedure to the procedure adopted for determining the competency of an individual to stand trial, such comparison is without any authority.[7] In fact, in ruling on the issue of the trial court's duty to *sua sponte* order an examination for purposes of an insanity defense under the previous statute, our sister court has held that, since no notice was filed, there was no issue of insanity before the trial court and the trial court had no duty to *sua sponte* order any type of psychiatric examination. See Gomez v. State, Nos. 14-

---

[7]Most of appellant's argument regarding the *sua sponte* duty of the trial court is premised upon the proposition that "irresistible impulse" should be a part of the insanity defense in the State of Texas. However, "irresistible impulse" is not now, nor has it ever been, recognized as a part of the affirmative defense of insanity by the jurisprudence of the State of Texas. See Freeman v. State, 317 S.W.2d 726, 730 (Tex.Crim.App. 1958). For this court to include such a doctrine into the affirmative defense doctrine of insanity would involve this Court making the law and not simply insuring that the law is followed. See Rodriguez v. State, 953 S.W.2d 342, 353 (Tex.App.—Austin 1997, pet. ref'd) (citing Turner v. Cross, 18 S.W. 578, 579 (1892)). This we cannot do.

5

99-00465-CR & 14-99-00466-CR, 2001 Tex.App. LEXIS 2094, at *9-*12 (Tex.App.—Houston [14th Dist.] Mar. 29, 2001, pet. ref'd) (not designated for publication). We agree with the Gomez court, and hold that the trial court has no duty to *sua sponte* stop the punishment hearing to order a psychiatric examination for purposes of an insanity defense when no timely notice of intent to pursue such a defense has been given. Accordingly, appellant's issue as to the *sua sponte* duty of the trial court is overruled.

### Conclusion

Having overruled appellant's contention, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Publish.

Campbell, J., concurring.

6