NUMBER 13-11-00109-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

JOHN MEDELLIN,                                                                         Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 319th
District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

            Appellant, John Medellin,
entered an open plea of guilty to one count of aggravated assault using a
deadly weapon, a second-degree felony.  See Tex. Penal Code Ann. § 22.02(a) (West Supp. 2010).  The trial
court convicted Medellin and sentenced him to twenty years’ imprisonment.  On
appeal, Medellin contends that:  (1) despite his guilty plea, the evidence was
insufficient to prove the elements of the offense; and (2) his psychiatric
examination “was founded upon an improper legal standard.”  We affirm.

I. 
Background

            On October 31, 2008, Clell
Johnson and Ken Mattingly were riding in a van on Agnes Street in Corpus
Christi, Texas.  As the vehicle approached the Carancahua Street overpass,
Johnson and Mattingly observed a man standing on the overpass.  The man raised
his arms over his head and threw a large rock down off the overpass as they
were passing under.  The rock struck the top of the van, causing minor damage. 
Johnson and Mattingly pursued the man who threw the rock, and eventually caught
up with him.  They identified the man as Medellin.  According to Mattingly,
Medellin admitted to throwing the rock “because he was upset.”

            On November 21, 2008,
Medellin was indicted on one count of aggravated assault using a deadly
weapon.  On December 17, 2008, Medellin moved for a psychiatric examination
“with regard to [his] competency to stand trial.”  Joel Kutnick, M.D., a
forensic psychiatrist, conducted a competency evaluation of Medellin and found
him to be competent to stand trial.  Dr. Kutnick further concluded, in a
separate report entitled “Insanity Evaluation,” that Medellin was without any
“mental disease or defect which rendered him unable to know his conduct was
wrong.”

On April 8, 2009, Medellin pleaded
guilty to the charge and stipulated to the State’s evidence.  Medellin, who has
been deaf since childhood, was asked by the trial court through a sign language
interpreter as to whether his counsel explained the guilty plea paperwork to him,
whether he signed the paperwork, whether anyone forced him to sign it, whether
anyone promised him anything in exchange for signing it, and whether he signed
it freely and voluntarily.  Medellin denied being forced to sign or being
promised anything in exchange for signing.  He stated that he signed the
paperwork freely and voluntarily after having it explained by his counsel. Citing
Dr. Kutnick’s evaluation, the trial court found Medellin to be competent to
stand trial and capable of assisting in his own defense.

Medellin’s community supervision
officer[1]
Adrian Salinas testified that he agreed with Dr. Kutnick’s evaluation of
Medellin.  Specifically, Salinas stated that he agreed with Dr. Kutnick’s
opinion that, while Medellin “knew the conduct he was doing was wrong,”
Medellin “did not set out to hurt people by throwing the rock.”  Annie
Medellin, appellant’s mother, testified that her son was molested by her
stepfather as a youth and was often very frustrated by difficulty with
communication.  She stated that her son acts irrationally at times, and that
she did not believe her son comprehended the consequences of his actions when
he picked up the rock.

The trial court then found Medellin
guilty “based on the plea, the evidence presented, and the judicial
confession.”  The maximum punishment of twenty years’ imprisonment was
imposed.  Further, the trial court found that a deadly weapon was used in the
commission of the offense, as charged in the indictment.  The trial court
certified Medellin’s right to appeal, and this appeal followed.

II. 
Discussion

A.        Evidentiary
Sufficiency

            By his
first issue, Medellin contends that the evidence adduced was insufficient to
prove the elements of the offense.  Specifically, he contends that (1) his
judicial confession was insufficient because “it fails to identify [Medellin]
as the perpetrator” and (2) the evidence was insufficient to establish that he
possessed the necessary culpable mental state. 

With regard to the
sufficiency of the evidence supporting a defendant’s plea of guilty, the court
of criminal appeals has stated the following:

The United States Constitution does
not require that the State present evidence in support of a guilty plea in
Texas Courts.  Article 1.15 constitutes an additional procedural safeguard
required by the State of Texas but not by federal constitutional law.[[2]]
 No trial court is authorized to render a conviction in a felony case,
consistent with Article 1.15, based upon a plea of guilty without sufficient
evidence to support the same.  Evidence offered in support of a guilty plea may
take many forms.  The statute expressly provides that the defendant may consent
to the proffer of evidence in testimonial or documentary form, or to an oral or
written stipulation of what the evidence against him would be, without
necessarily admitting to its veracity or accuracy; and such a proffer or
stipulation of evidence will suffice to support the guilty plea so long as it
embraces every constituent element of the charged offense.

 

Alternatively, our case law has
recognized that the defendant may enter a sworn written statement, or may
testify under oath in open court, specifically admitting his culpability or at
least acknowledging generally that the allegations against him are in fact true
and correct; and again, so long as such a judicial confession covers all of the
elements of the charged offense, it will suffice to support the guilty plea.
However, a stipulation of evidence or judicial confession that fails to
establish every element of the offense charged will not authorize the trial
court to convict.  A conviction rendered without sufficient evidence to support
a guilty plea constitutes trial error.

 

Menefee v. State, 287 S.W.3d 9, 13–14
(Tex. Crim. App. 2009) (internal footnotes, citations, and quotation marks
omitted).

            Here,
Medellin signed the following judicial confession:

On this day in open Court, I, JUAN
MEDELLIN, waive my right against self-incrimination and hereby judicially
confess that on or about October 31, 2008, in Nueces County, Texas, did then
and there intentionally and knowingly threaten another, Clell Johnson with
imminent bodily injury and did then and there use and exhibit a deadly weapon,
namely, a rock, during the commission of the assault.

 

Medellin argues that
this confession “fails to establish the first element” of aggravated assault,
identity of the perpetrator, because it “fails to state that Juan Medellin was
the person who ‘did then and there intentionally and knowingly threaten
another.’”[3] 
According to Medellin, the confession “merely states he confesses to the fact
such conduct occurred on the alleged date in Nueces County, not who committed
it.”  We disagree.  Though the statement erroneously omits the pronoun “I”
before “did then and there intentionally and knowingly threaten another,” there
can be no doubt that the statement was intended to serve as a confession to the
indicted offense.  “Confess” means “to tell or make known (as something wrong
or damaging to oneself).”  Merriam
Webster’s Collegiate Dictionary 241 (10th ed. 1996).  It would not,
therefore, be possible to “judicially confess” to actions taken by some other
individual.  Moreover, as noted, Medellin stipulated to the truth of the
State’s evidence, which included police reports identifying Medellin as the
person that threw a rock over
the Carancahua Street overpass on October 31, 2008.

Medellin further argues that “there is
no evidence [he] intended or knew his acts constituted a threat of imminent
bodily injury,” pointing to Dr. Kutnick’s statement in his competency
evaluation that “I do not think [Medellin] has criminal intention when he does
his illegal activities.”  However, “‘an affirmation of the indictment as true
and correct will constitute a judicial confession sufficient to support a
judgment of conviction.’”  Menefee, 287 S.W.3d at 16 n.30 (quoting Potts
v. State, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978)).  Here, as noted,
Medellin judicially confessed to all the elements of the crime, including the
requisite mental state.  Further, he stipulated to the truth of the State’s
evidence, which included police reports indicating that Medellin threw the rock
and that Johnson and Mattingly caught Medellin “trying to run away.”

Based on the
foregoing, we conclude that the trial court did not err by accepting Medellin’s
confession and stipulation and determining that the evidence was sufficient to
support his guilty plea.  We overrule Medellin’s first issue.

B.        Psychiatric
Evaluation

            By his
second issue, Medellin contends that his psychiatric evaluation “was
constitutionally infirm, necessitating reversal.”  See Ake v. Oklahoma,
470 U.S. 68, 83 (1985) (holding that “when a defendant demonstrates to the
trial judge that his sanity at the time of the offense is to be a significant
factor at trial, the State must, at a minimum, assure the defendant access to a
competent psychiatrist”).  In support of this issue, Medellin points to the
following statements made in Dr. Kutnick’s insanity evaluation:

The defendant does not know why he
threw the rock.  I repeatedly tried to get him to elaborate further.  He knew
it was wrong to throw the rock.  Apparently, he also now understands it was
dangerous and someone could have been killed or hurt.  However, at the time he
threw the rock, he apparently did not think about the fact someone could have
been injured.  Basically, his explanation for throwing the rock is that he was
“crazy.”  I could never get him to elaborate as to what he meant by “crazy.”

 

            . . . .

 

The defendant shows absolutely no
evidence of psychosis.  He will not elaborate as to why he did throw the rock
except to say he was upset and crazy.  He did have the ability to understand
his actions were wrong.  In fact, he did try to run away, according to the
police offense reports.  Therefore, he had no mental disease or defect which
rendered him unable to know this conduct was wrong.

 

Medellin contends
that, despite Dr. Kutnick’s purported conclusion, the content of his analysis
actually showed that Medellin “[did] not form a culpable mental state at the
time of the charged conduct.”  He points to the above statements in the
“Insanity Evaluation” as well as Dr. Kutnick’s statement in the competency
evaluation that “I do not think he has criminal intention when he does his
illegal activities.”  Medellin further asserts that Dr. Kutnick could not have
relied solely on the fact that Medellin fled the scene of the crime in
determining that Medellin appreciated the wrongness of his conduct.  See
Gall v. Parker, 231 F.3d 265, 293 (6th Cir. 2000) (“[A]ny fool faced with
fear and foreboding can flee and hide.  Such is the nature of even a wild
beast. . . .  Thus, flight alone does not amount to evidence of sanity . . . .”).

            We
disagree that the admittedly equivocating nature of Dr. Kutnick’s reports
require reversal here.  Texas law presumes that a criminal defendant is sane
and that he intends the natural consequences of his acts.  Ruffin v. State,
270 S.W.3d 586, 591 (Tex. Crim. App. 2008).  The test for determining insanity
is whether, at the time of the conduct charged, the defendant—as a result of a severe
mental disease or defect—did not know that his conduct was “wrong,” which, in
this context, means “illegal.”  Id.; see Tex. Penal Code Ann. § 8.01 (West 2003) (“It is an
affirmative defense to prosecution that, at the time of the conduct charged,
the actor, as a result of severe mental disease or defect, did not know that
his conduct was wrong.”).  The code of criminal procedure, however, states that
a defendant planning to offer evidence of insanity must file a pre-trial notice
of that intention, and the failure to file such notice renders evidence of
insanity inadmissible unless the trial court finds good cause for such
failure.  See Tex. Code Crim.
Proc. Ann. arts. 46C.051 & 46C.052 (West 2006).  Moreover, a trial
court is under no duty to sua sponte stop a punishment hearing and order
a psychiatric examination for purposes of an insanity defense when no timely
notice of intent to pursue such a defense was given by the defense.  Hill v.
State, 320 S.W.3d 901, 904 (Tex. App.—Amarillo 2010, pet. ref’d); Gomez
v. State, Nos. 14-99-00465-CR & 14-99-00466-CR, 2001 Tex. App. LEXIS
2094, at *11 (Tex. App.—Houston [14th Dist.] Mar. 29, 2001, pet. ref’d).  At no
point did Medellin file a notice of intent to raise the insanity defense. 
Therefore, the issue of whether Medellin recognized the wrongfulness of his
acts—and Dr. Kutnick’s remarks as to that issue—was not properly before the
trial court and evidence as to insanity would have been inadmissible.  See Hill,
320 S.W.3d at 904.

            We
conclude that the trial court did not err by accepting Medellin’s guilty plea,
despite the fact that Dr. Kutnick’s insanity evaluation—which concluded that
Medellin “had no mental disease or defect which rendered him unable to know
this conduct was wrong”—also stated in part that “at the time he threw the
rock, [Medellin] apparently did not think about the fact someone could have
been injured.”  We overrule Medellin’s second issue.

III. 
Conclusion

            The judgment
of the trial court is affirmed.

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

31st
day of August, 2011.









[1]
Medellin was previously placed on community supervision for an unrelated
offense.  His community supervision was revoked as a result of his actions on
October 31, 2008.  Medellin has not appealed the revocation of his community
supervision.





[2]
Article 1.15 of the code of criminal procedure provides, in relevant part,
that:

 

No person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless the defendant, upon entering a plea, has in open court in
person waived his right of trial by jury in writing in accordance with Articles
1.13 and 1.14; provided, however, that it shall be necessary for the [S]tate to
introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient
evidence to support the same.

 

Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005).





[3]
Medellin is referred to variously as “John” and “Juan” throughout the
proceedings.  He does not dispute that both “John Medellin” and “Juan Medellin”
refer to him.