

# NUMBER 13-11-00109-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN MEDELLIN,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

Appellant, John Medellin, entered an open plea of guilty to one count of aggravated assault using a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a) (West Supp. 2010). The trial court convicted Medellin and sentenced him to twenty years' imprisonment. On appeal, Medellin contends that: (1) despite his guilty plea, the evidence was insufficient to prove the elements of the offense; and (2) his psychiatric examination "was founded upon an improper legal

standard."  We affirm.

## I. Background

On October 31, 2008, Clell Johnson and Ken Mattingly were riding in a van on Agnes Street in Corpus Christi, Texas.  As the vehicle approached the Carancahua Street overpass, Johnson and Mattingly observed a man standing on the overpass.  The man raised his arms over his head and threw a large rock down off the overpass as they were passing under.  The rock struck the top of the van, causing minor damage.  Johnson and Mattingly pursued the man who threw the rock, and eventually caught up with him.  They identified the man as Medellin.  According to Mattingly, Medellin admitted to throwing the rock "because he was upset."

On November 21, 2008, Medellin was indicted on one count of aggravated assault using a deadly weapon.  On December 17, 2008, Medellin moved for a psychiatric examination "with regard to [his] competency to stand trial."  Joel Kutnick, M.D., a forensic psychiatrist, conducted a competency evaluation of Medellin and found him to be competent to stand trial.  Dr. Kutnick further concluded, in a separate report entitled "Insanity Evaluation," that Medellin was without any "mental disease or defect which rendered him unable to know his conduct was wrong."

On April 8, 2009, Medellin pleaded guilty to the charge and stipulated to the State's evidence.  Medellin, who has been deaf since childhood, was asked by the trial court through a sign language interpreter as to whether his counsel explained the guilty plea paperwork to him, whether he signed the paperwork, whether anyone forced him to sign it, whether anyone promised him anything in exchange for signing it, and whether he signed it freely and voluntarily.  Medellin denied being forced to sign or being promised anything in exchange for signing.  He stated that he signed the paperwork

2

freely and voluntarily after having it explained by his counsel. Citing Dr. Kutnick's evaluation, the trial court found Medellin to be competent to stand trial and capable of assisting in his own defense.

Medellin's community supervision officer[1] Adrian Salinas testified that he agreed with Dr. Kutnick's evaluation of Medellin. Specifically, Salinas stated that he agreed with Dr. Kutnick's opinion that, while Medellin "knew the conduct he was doing was wrong," Medellin "did not set out to hurt people by throwing the rock." Annie Medellin, appellant's mother, testified that her son was molested by her stepfather as a youth and was often very frustrated by difficulty with communication. She stated that her son acts irrationally at times, and that she did not believe her son comprehended the consequences of his actions when he picked up the rock.

The trial court then found Medellin guilty "based on the plea, the evidence presented, and the judicial confession." The maximum punishment of twenty years' imprisonment was imposed. Further, the trial court found that a deadly weapon was used in the commission of the offense, as charged in the indictment. The trial court certified Medellin's right to appeal, and this appeal followed.

## II. DISCUSSION

### A. Evidentiary Sufficiency

By his first issue, Medellin contends that the evidence adduced was insufficient to prove the elements of the offense. Specifically, he contends that (1) his judicial confession was insufficient because "it fails to identify [Medellin] as the perpetrator" and

---

[1] Medellin was previously placed on community supervision for an unrelated offense. His community supervision was revoked as a result of his actions on October 31, 2008. Medellin has not appealed the revocation of his community supervision.

(2) the evidence was insufficient to establish that he possessed the necessary culpable mental state.

With regard to the sufficiency of the evidence supporting a defendant's plea of guilty, the court of criminal appeals has stated the following:

> The United States Constitution does not require that the State present evidence in support of a guilty plea in Texas Courts. Article 1.15 constitutes an additional procedural safeguard required by the State of Texas but not by federal constitutional law.[2] No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty without sufficient evidence to support the same. Evidence offered in support of a guilty plea may take many forms. The statute expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense.
>
> Alternatively, our case law has recognized that the defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea. However, a stipulation of evidence or judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict. A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error.

*Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009) (internal footnotes, citations, and quotation marks omitted).

---

[2] Article 1.15 of the code of criminal procedure provides, in relevant part, that:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the [S]tate to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).

Here, Medellin signed the following judicial confession:

> On this day in open Court, I, JUAN MEDELLIN, waive my right against self-incrimination and hereby judicially confess that on or about October 31, 2008, in Nueces County, Texas, did then and there intentionally and knowingly threaten another, Clell Johnson with imminent bodily injury and did then and there use and exhibit a deadly weapon, namely, a rock, during the commission of the assault.

Medellin argues that this confession "fails to establish the first element" of aggravated assault, identity of the perpetrator, because it "fails to state that Juan Medellin was the person who 'did then and there intentionally and knowingly threaten another.'"[3] According to Medellin, the confession "merely states he confesses to the fact such conduct occurred on the alleged date in Nueces County, not who committed it." We disagree. Though the statement erroneously omits the pronoun "I" before "did then and there intentionally and knowingly threaten another," there can be no doubt that the statement was intended to serve as a confession to the indicted offense. "Confess" means "to tell or make known (as something wrong or damaging to oneself)." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 241 (10th ed. 1996). It would not, therefore, be possible to "judicially confess" to actions taken by some other individual. Moreover, as noted, Medellin stipulated to the truth of the State's evidence, which included police reports identifying Medellin as the person that threw a rock over the Carancahua Street overpass on October 31, 2008.

Medellin further argues that "there is no evidence [he] intended or knew his acts constituted a threat of imminent bodily injury," pointing to Dr. Kutnick's statement in his competency evaluation that "I do not think [Medellin] has criminal intention when he does his illegal activities." However, "'an affirmation of the indictment as true and

---

[3] Medellin is referred to variously as "John" and "Juan" throughout the proceedings. He does not dispute that both "John Medellin" and "Juan Medellin" refer to him.

5

correct will constitute a judicial confession sufficient to support a judgment of conviction.'" *Menefee*, 287 S.W.3d at 16 n.30 (quoting *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978)). Here, as noted, Medellin judicially confessed to all the elements of the crime, including the requisite mental state. Further, he stipulated to the truth of the State's evidence, which included police reports indicating that Medellin threw the rock and that Johnson and Mattingly caught Medellin "trying to run away."

Based on the foregoing, we conclude that the trial court did not err by accepting Medellin's confession and stipulation and determining that the evidence was sufficient to support his guilty plea. We overrule Medellin's first issue.

## B. Psychiatric Evaluation

By his second issue, Medellin contends that his psychiatric evaluation "was constitutionally infirm, necessitating reversal." *See Ake v. Oklahoma*, 470 U.S. 68, 83 (1985) (holding that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist"). In support of this issue, Medellin points to the following statements made in Dr. Kutnick's insanity evaluation:

> The defendant does not know why he threw the rock. I repeatedly tried to get him to elaborate further. He knew it was wrong to throw the rock. Apparently, he also now understands it was dangerous and someone could have been killed or hurt. However, at the time he threw the rock, he apparently did not think about the fact someone could have been injured. Basically, his explanation for throwing the rock is that he was "crazy." I could never get him to elaborate as to what he meant by "crazy."
>
> . . . .
>
> The defendant shows absolutely no evidence of psychosis. He will not elaborate as to why he did throw the rock except to say he was upset and crazy. He did have the ability to understand his actions were wrong. In fact, he did try to run away, according to the police offense reports.

6

Therefore, he had no mental disease or defect which rendered him unable to know this conduct was wrong.

Medellin contends that, despite Dr. Kutnick's purported conclusion, the content of his analysis actually showed that Medellin "[did] not form a culpable mental state at the time of the charged conduct." He points to the above statements in the "Insanity Evaluation" as well as Dr. Kutnick's statement in the competency evaluation that "I do not think he has criminal intention when he does his illegal activities." Medellin further asserts that Dr. Kutnick could not have relied solely on the fact that Medellin fled the scene of the crime in determining that Medellin appreciated the wrongness of his conduct. *See Gall v. Parker*, 231 F.3d 265, 293 (6th Cir. 2000) ("[A]ny fool faced with fear and foreboding can flee and hide. Such is the nature of even a wild beast. . . . Thus, flight alone does not amount to evidence of sanity . . . .").

We disagree that the admittedly equivocating nature of Dr. Kutnick's reports require reversal here. Texas law presumes that a criminal defendant is sane and that he intends the natural consequences of his acts. *Ruffin v. State*, 270 S.W.3d 586, 591 (Tex. Crim. App. 2008). The test for determining insanity is whether, at the time of the conduct charged, the defendant—as a result of a severe mental disease or defect—did not know that his conduct was "wrong," which, in this context, means "illegal." *Id.*; *see* TEX. PENAL CODE ANN. § 8.01 (West 2003) ("It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong."). The code of criminal procedure, however, states that a defendant planning to offer evidence of insanity must file a pre-trial notice of that intention, and the failure to file such notice renders evidence of insanity inadmissible unless the trial court finds good cause for such failure. *See* TEX.

7

CODE CRIM. PROC. ANN. arts. 46C.051 & 46C.052 (West 2006). Moreover, a trial court is under no duty to *sua sponte* stop a punishment hearing and order a psychiatric examination for purposes of an insanity defense when no timely notice of intent to pursue such a defense was given by the defense. *Hill v. State*, 320 S.W.3d 901, 904 (Tex. App.—Amarillo 2010, pet. ref'd); *Gomez v. State*, Nos. 14-99-00465-CR & 14-99-00466-CR, 2001 Tex. App. LEXIS 2094, at *11 (Tex. App.—Houston [14th Dist.] Mar. 29, 2001, pet. ref'd). At no point did Medellin file a notice of intent to raise the insanity defense. Therefore, the issue of whether Medellin recognized the wrongfulness of his acts—and Dr. Kutnick's remarks as to that issue—was not properly before the trial court and evidence as to insanity would have been inadmissible. *See Hill*, 320 S.W.3d at 904.

We conclude that the trial court did not err by accepting Medellin's guilty plea, despite the fact that Dr. Kutnick's insanity evaluation—which concluded that Medellin "had no mental disease or defect which rendered him unable to know this conduct was wrong"—also stated in part that "at the time he threw the rock, [Medellin] apparently did not think about the fact someone could have been injured." We overrule Medellin's second issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
31st day of August, 2011.

8