

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00339-CR

**NELLY TUCKER,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. F49134

## MEMORANDUM  OPINION

In four issues, appellant, Nelly Tucker, challenges her conviction for injury to a child—bodily injury. *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2015). Specifically, appellant contends that: (1) the trial court erred in admitting photographs depicting injuries sustained by the child complainant; (2) the trial court improperly excluded testimony from her expert witness; (3) the trial court abused its discretion by

imposing 180 days of confinement in a county jail as a condition of her community supervision; and (4) her trial counsel was ineffective.[1] We affirm.

## I. BACKGROUND

In this case, appellant was charged by indictment with two counts of causing bodily injury to a child under fourteen years of age. *See id.* The first count pertained to an incident on or about October 29, 2014, whereby appellant allegedly struck the child victim, her step-son, with an electrical cord. The second count referenced an incident transpiring on or about August 5, 2014, whereby appellant allegedly struck the child victim with a cell phone.

At the conclusion of the evidence, the jury acquitted appellant on Count One, but found her guilty on Count Two. The jury subsequently sentenced appellant to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with a recommendation for probation. The jury also assessed a non-probated $10,000 fine. The trial court accepted the jury's verdict and probated appellant's sentence in Count Two for ten years. However, as a condition of appellant's probation, the trial court ordered that appellant serve 180 days in a county jail. The trial court certified appellant's right of appeal, and this appeal followed.

---

[1] Though required by Texas Rule of Appellate Procedure 38.1(h), appellant's brief does not contain a summary of her arguments. *See* TEX. R. APP. P. 38.1(h). However, in the interest of justice and to expedite the disposition of this appeal, we use Texas Rule of Appellate Procedure 2 to suspend the requirement of Rule 38.1(h). *See id.* at R. 2.

## II.   PHOTOGRAPHS OF INJURIES TO THE CHILD COMPLAINANT

In her first issue, appellant contends that the trial court erred in admitting photographs depicting injuries to the child victim because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. More specifically, appellant argues that because the pictures were taken prior to the date of the offense charged in Count Two, it is likely that the jury was confused as to which count to apply this evidence in determining her guilt.

Appellant's complaint in her first issue is premised on Texas Rule of Evidence 403, which provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."  TEX. R. EVID. 403.  However, appellant's appellate counsel admits and the record reflects that appellant did not make a Rule 403 objection in the trial court. Instead, at a hearing on her pre-trial motion to suppress, appellant complained that the State had not authenticated the pictures.

To preserve error for appellate review, a complaining party must make a timely and specific objection.  *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial.  *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex.

App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection did not comport with the issue he raised on appeal); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (same).

Here, appellant's Rule 403 complaint on appeal does not comport with her authentication objection made in the trial court. Accordingly, we cannot say that appellant has preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *see also Resendiz*, 112 S.W.3d at 547; *Ibarra*, 11 S.W.3d at 197; *Dixon*, 2 S.W.3d at 273; *Wright*, 154 S.W.3d at 241.

Furthermore, we also note that any error in admitting the complained-of photographs was cured by other unobjected-to testimony presented by the State. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) ("An error [if any] in the admission of evidence is cured when the same evidence comes in elsewhere without objection." (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998))); *see also Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection."). In particular, Caley Croy, an investigator with the Texas Department of Family and Protective Services, testified that she investigated the claims against appellant and that the child victim told

her that appellant "hit him with hangers, cord, specifically electrical cords, belts, her hand, and that he—or that she would kick him on his body." The child victim also told Croy that appellant "threw a cell phone at his head causing his head to be cut open and bleed." And as explained by the child victim's father, R.T., the pictures depicted injuries sustained by the child victim on the back, arms, and face as a result of appellant's displeasure with the child victim's completion of household chores. Therefore, based on the foregoing, we overrule appellant's first issue.

### III.   APPELLANT'S EXPERT WITNESS

In her second issue, appellant asserts that the trial court erred in excluding testimony from her expert witness, Licensed Professional Counselor Norma Bartholomew, during the guilt-innocence phase of trial. We disagree.

### A.   Standard of Review

We review a trial court's decision to admit or exclude expert testimony for an abuse of discretion. *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002). We will uphold a trial court's ruling on the admissibility of an expert witness's testimony as long as it falls "within the zone of reasonable disagreement." *Id.* And we will uphold a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

**B.** **Discussion**

At trial, Bartholomew testified that she had fifteen counseling sessions with appellant after CPS got involved in this matter. Later, defense counsel asked whether Bartholomew had come to a "conclusion" regarding appellant. At this time, the State objected that such testimony was irrelevant. Defense counsel countered that Bartholomew was qualified to give an opinion as to the ultimate issue in this case— whether appellant committed the charged offenses—and whether appellant had the propensity to commit the charged offenses. Thereafter, the trial court conducted a hearing outside the presence of the jury. During this hearing, defense counsel asked Bartholomew whether appellant "had the propensity to do that which was alleged," to which Bartholomew responded,

> What I would say is that when any client enters into counseling, we set some goals that are based on concerns raised by the department. In the case of [appellant], the two goals that were raised was to address child safety concerns so that she's aware of the issues and the concerns that the department had stated, as well as based on the information in the referral I got addressing the issue of anger or impulse control.

With regard to the first goal, Bartholomew opined that appellant had successfully addressed child-safety awareness based on five criteria developed by Dr. Stephen Bavolek—criteria that were not further explained. As to the second goal, Bartholomew testified that she believed that appellant internalized her response to anger, which caused anxiety and depression. On cross-examination, Bartholomew acknowledged that she did not ever personally observe appellant discipline her children. Additionally,

Tucker v. State                                                                                          Page 6

Bartholomew admitted that she has no personal knowledge of appellant's behavior prior to the charged offenses and that her opinion was based solely on the fifteen counseling sessions she had with appellant after the incidents. At the conclusion of the hearing, the State objected to the proffered testimony on the basis of lack of knowledge of the charged offenses; that the testimony was not probative of elemental facts; and that it violated Texas Rule of Evidence 608. The trial court sustained the State's objections and excluded the proffered evidence.

Texas Rule of Evidence 404(a)(2) provides that, in a criminal case, "a defendant may offer evidence of the defendant's pertinent trait . . . ." TEX. R. EVID. 404(a)(2). In doing so, "a witness may testify to the defendant's character or character trait only if, *before the day of the offense*, the witness was familiar with the defendant's reputation or the facts or information that form the basis of the witness's opinion." *Id.* at R. 405(a)(2) (emphasis added). Here, appellant sought to use Bartholomew's testimony to show that she did not have the propensity to commit the charged offenses. However, Bartholomew acknowledged that she did not ever personally observe appellant discipline her children. And more importantly, Bartholomew admitted that she had no personal knowledge of appellant's behavior prior to the charged offenses. As such, Bartholomew's testimony about appellant's character trait or propensity to commit the charged offenses violated Texas Rule of Evidence 405(a)(2). *See id.*

Furthermore, the record reflects that defense counsel sought to use Bartholomew's testimony to opine about appellant's culpable mental state at the time of the charged offenses. Texas courts have long held that testimony from a witness other than the defendant concerning her mental state at the time of the offense is inadmissible at the guilt-innocence phase of trial. *See Osby v. State*, 939 S.W.2d 787, 791 (Tex. App.—Fort Worth 1997, pet. ref'd) (citing *Arnold v. State*, 853 S.W.2d 543, 547 (Tex. Crim. App. 1993); *Jackson v. State*, 548 S.W.2d 685, 692-93 (Tex. Crim. App. 1977); *Winegarner v. State*, 505 S.W.2d 303, 305 (Tex. Crim. App. 1974), *overruled on other grounds by White v. State*, 576 S.W.2d 843 (Tex. Crim. App. 1979); *Whitmire v. State*, 789 S.W.2d 366, 372 (Tex. App.—Beaumont 1990, pet. ref'd)); *see also Gillam v. State*, No. 05-11-01334-CR, 2013 Tex. App. LEXIS 4752, at *29 (Tex. App.—Dallas Apr. 16, 2013, pet. ref'd) (not designated for publication). Therefore, because defense counsel sought to take Bartholomew's post-offense observations of appellant and apply them retroactively to determine appellant's mental state at the time of the charged offense, the trial court properly excluded this portion of Bartholomew's testimony. *See Arnold*, 853 S.W.2d at 547; *Jackson*, 548 S.W.2d at 692-93; *Winegarner*, 505 S.W.2d at 303; *Osby*, 939 S.W.2d at 791; *Whitmire*, 789 S.W.2d at 372; *see also Gillam*, 2013 Tex. App. LEXIS 4752, at *29. Accordingly, because we must uphold the trial court's ruling on an evidentiary matter if it is supported by the record and is correct under any theory of law applicable to the case, we cannot say that the trial court abused its discretion in excluding the complained-of portion of Bartholomew's

testimony.  *See De La Paz*, 279 S.W.3d at 344; *see also Sexton*, 93 S.W.3d at 99.  We overrule appellant's second issue.

## IV. "SHOCK" PROBATION

In her third issue, appellant argues that the trial court erred in imposing what she refers to as "shock" probation in Count Two.  Appellant appears to suggest that the trial court disregarded the jury's recommendation of probation and impermissibly imposed 180 days' confinement in county jail as a condition of "shock probation."

As noted earlier, the trial court placed appellant on probation for ten years.  And as a condition of appellant's probation, the trial court ordered appellant to serve 180 days in the county jail.  Nevertheless, at the time the sentence and the terms of her probation were announced, appellant did not object.  She did, however, contend in a motion for new trial that requiring her to serve 180 days "as a condition of community supervision . . . is disproportionate and therefore amounts to cruel and unusual punishment under the facts of this case."  *See, e.g., Bitterman v. State*, 180 S.W.3d 139, 142-43 (Tex. Crim. App. 2005) (concluding that appellant properly preserved a sentencing complaint regarding a plea breach in a motion for new trial).

We note that, ordinarily, to preserve an issue for appellate review, an appellant must have first raised the issue in the trial court.  TEX. R. APP. P. 33.1(a); *see Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (discussing Rule 33.1).  A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is

pronounced. *See, e.g., Idowu v. State*, 73 S.W.3d 918, 923 (Tex. Crim. App. 2002) (concluding that appellant failed to preserve error as to a restitution amount by failing to object at the punishment hearing); *Russell v. State*, 341 S.W.3d 526, 527-28 (Tex. App.—Fort Worth 2011, no pet.) (holding that appellant failed to preserve Eighth Amendment complaint when he did not object at sentencing). Moreover, as we discussed earlier, points of error on appeal must correspond or comport with objections and arguments made at trial. *See Dixon*, 2 S.W.3d at 273; *see also Wright*, 154 S.W.3d at 241. And when a trial objection does not comport with an issue raised on appeal, the appellant has preserved nothing for appellate review. *See Wright*, 154 S.W.3d at 241; *see also Resendiz*, 112 S.W.3d at 547; *Ibarra*, 11 S.W.3d at 197.

Appellant's complaints on appeal about what she refers to as "shock" probation do not comport with the argument made in her motion for new trial. Further, the record reveals that the argument made by appellant on appeal was never presented to the trial court. As such, we cannot say that appellant has preserved this issue for review. *See Resendiz*, 112 S.W.3d at 547; *Ibarra*, 11 S.W.3d at 197; *Idowu*, 73 S.W.3d at 923; *see also Russell*, 341 S.W.3d at 527-28; Wright, 154 S.W.3d at 241. We overrule appellant's third issue.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In her fourth issue, appellant contends that she did not receive effective assistance of counsel because her trial counsel failed to object to the earlier complained-of

photographs under Texas Rules of Evidence 402 and 403, did not object to the testimony of the child victim's father, R.T., and because trial counsel failed to call Bartholomew as a witness during the punishment phase of trial.

## A.    Applicable Law

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that counsel was so deficient as to deprive appellant of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Second, appellant must show that the deficient representation was prejudicial and resulted in an unfair trial. *Id.* To satisfy the first prong, appellant must show that her counsel's representation was objectively unreasonable. *Id.*; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, appellant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable probability exists if it is enough to undermine the adversarial process and, thus, the outcome of the trial. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. Our review is highly deferential and

presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallett*, 65 S.W.3d at 63; *Thompson*, 9 S.W.3d at 813.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). "Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

Trial court counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Specifically, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his

actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

**B.    Discussion**

At the outset, we note that the record is silent as to trial counsel's strategy. *See Rylander*, 101 S.W.3d at 111; *Bone*, 77 S.W.3d at 833; *see also Goodspeed*, 187 S.W.3d at 392 ("Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight—where counsel's reasons for failing to do something do not appear in the record." (footnotes omitted)). However, assuming without deciding that appellant satisfied the first prong of *Strickland*, we cannot say that she satisfied the second prong. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Thompson*, 9 S.W.3d at 812. This is true for a number of reasons.

First, we look to the totality of the representation, which shows that counsel made numerous objections to the evidence and was able to obtain an acquittal on Count One of the indictment. *See Thompson*, 9 S.W.3d at 813. Additionally, the charged offenses constituted third-degree felonies, which subjected appellant to a prison term of two to ten years. *See* TEX. PENAL CODE ANN. § 22.04(f); *see also id.* § 12.34 (West 2011). Yet, appellant received probation and a 180-day sentence as a condition of her probation.

Furthermore, the evidence of guilt is overwhelming. Indeed, the record contains testimony from the child victim regarding the injury sustained in this incident. Specifically, the child victim testified that appellant hit him repeatedly with a cellphone, which caused him to bleed profusely.[2] This testimony was corroborated by several other witnesses, including appellant herself. In particular, Richard Wood, formerly with the Arlington Police Department, recounted that appellant told him:

> that she—the words she used was "tapped him on the head with a cell phone which caused a cut to his head." Stated that cell phone had a jagged edge on it and that she was upset with him because he wouldn't comply with her calls for him to come to her. And then she told me that she had whipped him with a belt leaving marks on him and acknowledged that it was because she was upset with her husband.

The child's father noted that appellant's actions caused the child victim to have a deep gash to his head that bled enough to soak two bath towels.

Based on our review of the record, we cannot say that there is a reasonable probability that, but for counsel's purported unprofessional errors, the result of the

---

[2] In his testimony, the child victim described the incident as follows:

> Um, well, I was cleaning the kitchen and she [appellant] called me, yelled at me and called me over. And so, of course, I was really scared. And—and then she started hitting me with the phone and getting really mad at me because I was going slow to fix it. And then my head cracked open and I had like almost two towels soaked with blood all over them and I was laying on the floor bleeding. She called my dad—my dad, and he came over to the house from work.

>      . . . .

> She said something about I'm not responsible and that I can't do anything correctly and that everything I do is stupid and I'm just a loser, basically.

proceeding would have been different. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Thompson*, 9 S.W.3d at 812. In other words, we reject appellant's assertions that the purported errors were significant enough to undermine the adversarial process and, thus, the outcome of the trial. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also Mallett*, 65 S.W.3d at 62-63. Therefore, because we conclude that appellant has not established both prongs of *Strickland* by a preponderance of the evidence, we overrule her fourth issue.

## VI. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.

> AL SCOGGINS
> Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 2, 2016
Do not publish
[CR25]

